[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15904
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

Agency No. A096-272-606

ROOSEVELT ACHIRI ALOMBA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 3, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Roosevelt Achiri Alomba, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals's ("BIA's") denial of his March 21, 2008 motion to reopen asylum proceedings and his motion to reconsider its denial of his November 15, 2007 motion to reopen. The BIA denied Alomba's March 21 motion to reopen because he failed to meet the heavy burden of showing changed country conditions in Cameroon and denied his motion to reconsider because he did not identify any error in its denial of his November 15 motion to reopen that would warrant reconsideration. In the brief he filed in support of his petition for review, Alomba argues generally that the BIA erred in denying his motion to reopen and his motion to reconsider.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted). After the BIA has affirmed an Immigration Judge's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). A motion to reopen proceedings shall not be granted unless it appears to the BIA that the evidence sought to be offered is

2

material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1).

In a motion to reopen on the basis of changed circumstances, the alien must show material evidence that was not available and could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3). An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that satisfies the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Nonetheless, "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Because the evidence submitted by Alomba did not establish a material change in country conditions, the BIA did not abuse its discretion in denying his March 21 motion to reopen.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also 8 U.S.C. § 1229a(c)(6)(C), INA § 240(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior

3

decision.  <u>Calle</u>, 504 F.3d at 1329.  "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider."  <u>Id.</u> (quoting 8 C.F.R. § 1003.2(b)(1)).  Motions to reconsider are disfavored in removal proceedings. See <u>INS v. Doherty</u>, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen and explaining that such motions are disfavored because, "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").

Because Alomba's motion to reconsider merely reiterated the arguments that he made in his underlying November 15 motion to reopen, he failed to show errors of law or fact relating to the BIA's denial of his motion to reconsider.  The BIA therefore did not err in denying his motion.

PETITION DENIED.